IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HECTOR BORRERO, | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 12-113J |
| | ) Judge Kim R. Gibson/ |
| JEFF HORTON, Deputy Superintendent, | ) Magistrate Judge Maureen P. Kelly |
| SCI Rockview; KENNETH R. | ) |
| HOLLIBAUGH, Deputy Superintendent, | ) |
| SCI Houtzdale; J.W. SAWTELLE, | ) |
| C.C.P.M. at SCI Houtzdale; ROBERT | ) |
| REED, Hearing Examiner, SCI Houtzdale; | ) Re: ECF Nos. 21, 29 |
| Defendants. | ) |

**MEMORANDUM ORDER**

Plaintiff Hector Borrero ("Plaintiff"), an inmate in the custody of the Pennsylvania

Department of Corrections, is currently incarcerated at the State Correctional Institution ("SCI")

at Smithfield. Plaintiff initiated this action on June 26, 2012, by filing a Motion for Leave to

Proceed *in Forma Pauperis*. ECF No. 1. The Motion was granted on September 18, 2012, and

the Complaint was filed on that same date. ECF Nos. 3, 4. In response to a Motion to Dismiss

filed by Defendants, Plaintiff filed an Amended Complaint on February 1, 2013. ECF No. 22.

Plaintiff has brought claims against Defendants Jeff Horton, Kenneth Hollibaugh, J.W. Sawtelle

and Robert Reed, who are all employed at SCI Houtzdale, concerning events that occurred in

June of 2010 while Plaintiff was incarcerated at that facility.

Specifically, Plaintiff alleges that after he reported that his cellmate had a sharpened

metal object that looked like an "ice pick" in his possession, Corrections Officers searched his

cell and found the metal object inside the cellmate's winter coat. Plaintiff complains that he was

nevertheless handcuffed along with his cellmate, taken to the Restricted Housing Unit ("RHU"),

and charged with Possession of Contraband. Plaintiff claims that the Hearing Examiner,

Defendant Reed, knew that Plaintiff was not guilty of the misconduct but found him guilty anyway, sentencing him to a period of confinement in the RHU. Defendants Horton, Hollibaugh and Sawtelle, for their part, allegedly knew that Plaintiff was innocent as well but upheld Reed's finding of guilt. Plaintiff claims that these actions violated his rights provided by the Eighth and Fourteenth Amendments to the United States Constitution.

On February 4, 2013, Plaintiff filed a document entitled "Motion to Compel," wherein he contends that on January 22, 2013, he was forced to relinquish all of his personal property, including his clothes, personal hygiene products as well as his legal documents. ECF Nos. 21, 21-3. Plaintiff claims that these items were removed from his possession in retaliation for having filed a lawsuit and because of his dietary restrictions. ECF No. 21-3, p. 1. Plaintiff asks that a preliminary injunction be issued against Defendants Hollibaugh and Sawtelle, as well as Mr. Sharp, and Superintendent Glunt for their role in a pattern of harassment that Plaintiff alleges he was subjected to while at SCI Houtzdale. In addition, Plaintiff asks the Court to compel SCI administrative personnel to allow him the use of a jailhouse lawyer and access to the law library. Id.

On February 19, 2013, Plaintiff filed a Motion for Preliminary Injunction wherein he renews his claims from the earlier Motion to Compel, and also claims that on February 11, 2013, he was "kicked out of Houtzdale" in retaliation for filing the present lawsuit;[1] that he is not being provided with paper or pens and is forced to perform sexual favors in order to obtain them; that he is housed in a filthy cell with "blood all over the place;" and that his dietary restrictions and medical needs are continuously being ignored. ECF No. 29. Plaintiff seeks an injunction against Defendants Hollibaugh and Sawtelle, as well as Mr. Smith, Mrs. Hollibaugh, and SCI Smithfield's kitchen and medical department personnel. Id. at p. 6.

---

[1] Plaintiff was transferred to SCI Smithfield on February 11, 2013. See ECF Nos. 30, p. 1; 31.

This Court has discretion to grant preliminary injunctive relief under Fed. R. Civ. Proc. 65. The purpose of the preliminary injunction is to preserve the status quo until the rights of the parties can be fairly and fully investigated and determined by strictly legal proofs and according to the principles of equity. Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980). Thus, the grant of injunctive relief is an "extraordinary remedy which should be granted only in limited circumstances." American Telephone & Telegraph Co. v. Winback and Conserve Program, Inc., 42 F.3d 1421 (3d Cir. 1994), *quoting* Frank's GMC Truck Center, Inc. v. General Motor Corp., 847 F.2d 100, 102 (3d Cir. 1988).

The party seeking a preliminary injunction has the burden of demonstrating: 1) a reasonable probability of success on the merits; 2) irreparable harm if the injunction is denied; 3) that the issuance of an injunction will not result in greater harm to the non-moving party; and 4) that the public interest would best be served by granting the injunction. Council of Alternative Political Parties v. Hooks, 121 F.3d 876, 879 (3d Cir. 1997); Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 191–92 (3d Cir. 1990). See Opticians Ass'n of America, 920 F.2d at 192 (an injunction should issue only if the movant produces evidence sufficient to convince the trial judge that all four factors favor preliminary relief). As the United States Court of Appeals for the Third Circuit has found, these four factors suggest that "there must be a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Ball v. Famiglio, 396 Fed. App'x 836, 837 (3d Cir. 2010), *quoting* Little v. Jones, 607 F.3d 1245, 1251 (10th Cir. 2010). See Adams v. Freedom Forge Corp., 204 F.3d 475, 489-90 (3d Cir. 2000) (affirming the denial of injunctive relief where the harm alleged was insufficiently related to the complaint); Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) ("Devose's motion is based on new assertions of mistreatment that are entirely different from the

claim raised and the relief requested in his inadequate medical treatment lawsuit. Although these new assertions might support additional claims against the same prison officials, they cannot provide the basis for a preliminary injunction in this lawsuit"); Spencer v. Stapler, 2006 WL 2052704, at *9 (D. Ariz. July 21, 2006) ("Plaintiff's motion [for injunctive relief] concerns events that are unrelated to the subject of his complaint and that concerns conduct of persons other than the Defendants. Plaintiff's request will therefore be denied"); Williams v. Platt, 2006 WL 149024, at *2 (W.D. Okla. Jan.18, 2006) ("[a] preliminary injunction would be inappropriate to address wrongs wholly unrelated to the complaint"); Westbank Yellow Pages v. BRI, Inc., 1996 WL 255912, at *1 (E.D. La. May 13, 1996) ("[a] preliminary injunction is not an appropriate vehicle for trying to obtain relief that is not even sought in the underlying action").

Moreover, there is a "general rule that a court may not enter an injunction against a person who has not been made a party to the case before it." Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc., 96 F.3d 1390, 1394 (Fed. Cir. 1996), citing Scott v. Donald, 165 U.S. 107, 117 (1897) ("The decree is also objectionable because it enjoins persons not parties to the suit."). See Williams v. Platt, 2006 WL 149024, at *2 (denying motion for an injunction noting that the movant had "not established a relationship between the preliminary injunction and the underlying civil rights claim, and he seeks to bind non-parties without any suggestion of active concert or participation by the named defendants").

Here, Plaintiff has failed to satisfy his burden. Not only are most of the individuals that Plaintiff seeks to enjoin not named as defendants in this action but the requested relief concerns events that post-date the filing of this action and/or the Amended Complaint and are completely unrelated to the allegations raised in the Amended Complaint. As previously discussed, Plaintiff's claims in this suit revolve around an allegedly unfounded misconduct that was issued

against Plaintiff in June of 2010 while he was housed at SCI Houtzdale. ECF No. 22. Plaintiff, however, seeks injunctive relief to gain access to his legal documents as well as the law library and to be provided with a special diet which have nothing to do with the misconduct he was issued. <u>See</u> ECF Nos. 21, 29. <u>See</u> <u>also</u> ECF No. 32, p. 2. Indeed, Plaintiff was transferred from SCI Houtzdale to SCI Smithfield on February 11, 2013. Because the second motion filed by Plaintiff -- the Motion for Preliminary Injunction -- was not filed until February 19, 2013, ECF No. 29, he necessarily seeks to enjoin individuals at SCI Smithfield from engaging in conduct that is necessarily unrelated to what occurred at SCI Houtzdale.

Moreover, Plaintiff's first motion -- the Motion to Compel -- was filed on February 4, 2013, while he was still incarcerated at SCI Houtzdale. ECF No. 21. Because Plaintiff is no longer under the control of officials at SCI Houtzdale, any effort to enjoin them from engaging in certain conduct is now moot. <u>Marshall v. Pa. Dept. of Corrections</u>, 2012 WL 4458279, at *1-2 (3d Cir. Sept. 27, 2012), *citing* <u>Abdul–Akbar v. Watson</u>, 4 F.3d 195, 206 (3d Cir. 1993) (inmate's transfer to another institution moots his claim for declaratory or injunctive relief).

It therefore appears that Plaintiff's requests for injunctive relief are an improper attempt to expand his Amended Complaint to add new parties and reach unrelated issues that are properly brought in a separate action. To find otherwise would permit Plaintiff to circumvent the Prison Litigation Reform Act's filing, exhaustion, and three-strike requirements by allowing him to assert an entirely new cause of action as a request for injunctive relief.

Accordingly, the following Order is entered:

AND NOW, this 5th day of March, 2013, upon consideration of Plaintiff's Motion to Compel, ECF No. 21, and Plaintiff's Motion for Preliminary Injunction, ECF No. 29, IT IS HEREBY ORDERED that the Motions are DENIED.

BY THE COURT:


/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE


cc:    Hector Borrero
       JB-2013
       SCI Smithfield
       P.O. Box 999
       Huntingdon, PA 16652