IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HECTOR BORRERO,                                    )
                          Plaintiff,               )
                                                   )
        vs.                                        ) Civil Action No. 12-113J
                                                   ) Judge Kim R. Gibson/
JEFF HORTON, Deputy Superintendent,                ) Magistrate Judge Maureen P. Kelly
SCI Rockview; KENNETH R.                           )
HOLLIBAUGH, Deputy Superintendent,                 )
SCI Houtzdale; J.W. SAWTELLE,                       )
C.C.P.M. at SCI Houtzdale; ROBERT                  )
REED, Hearing Examiner, SCI Houtzdale;             ) Re: ECF No. 41
                          Defendants.              )

**MEMORANDUM ORDER**

Plaintiff Hector Borrero ("Plaintiff"), an inmate in the custody of the Pennsylvania

Department of Corrections, is currently incarcerated at the State Correctional Institution ("SCI")

at Smithfield. Plaintiff initiated this civil rights action on June 26, 2012, bringing claims against

Defendants Jeff Horton, Kenneth Hollibaugh, J.W. Sawtelle and Robert Reed, who are all

employed at SCI Houtzdale, concerning events that occurred in June of 2010 while Plaintiff was

incarcerated at that facility.

Presently before the Court is a Motion for Preliminary Injunction and Restraining Order

filed by Plaintiff on May 10, 2013, in which he complains that he has been harassed and

retaliated against while he has been incarcerated at SCI Smithfield. ECF No. 41. Specifically,

Plaintiff alleges that his food is being tampered with; there is water on the floor of his cell; there

is an ant infestation in his cell; he went on a hunger strike but when he started eating again, he

was denied food; and that he is unable to use the law library. Id. This is the fourth such motion

that Plaintiff has filed in less than four months.

On February 4, 2013, Plaintiff filed a document entitled "Motion to Compel," wherein he alleged that on January 22, 2013, while he was still housed at SCI Houtzdale, he was forced to relinquish all of his personal property, including his clothes, personal hygiene products as well as his legal documents, in retaliation for having filed a lawsuit and because of his dietary restrictions and asked that a preliminary injunction be issued against Defendants Hollibaugh and Sawtelle, as well as Mr. Sharp, and Superintendent Glunt for their role in a pattern of harassment. ECF Nos. 21, 21-3. In addition, Plaintiff asked the Court to compel SCI administrative personnel to allow him the use of a jailhouse lawyer and access to the law library. Id.

On February 19, 2013, Plaintiff filed a Motion for Preliminary Injunction wherein he renewed his claims from the earlier Motion to Compel, and also claimed that on February 11, 2013, he was "kicked out of Houtzdale" in retaliation for filing the present lawsuit;[1] that he was not being provided with paper or pens and was forced to perform sexual favors in order to obtain them; that he was housed in a filthy cell with "blood all over the place;" and that his dietary restrictions and medical needs were being ignored. ECF No. 29. Plaintiff sought an injunction against Defendants Hollibaugh and Sawtelle, as well as Mr. Smith, Mrs. Hollibaugh, and SCI Smithfield's kitchen and medical department personnel. Id. at p. 6.

Finding that most of the individuals that Plaintiff sought to enjoin were not named as defendants in this action and that the requested relief concerned events that post-date the filing of this action and/or the Amended Complaint and were completely unrelated to the allegations raised in the Amended Complaint, this Court denied both Plaintiff's Motion to Compel and Motion for Preliminary Injunction. See ECF No. 33. Indeed, the Court found that Plaintiff's requests for injunctive relief were an improper attempt to circumvent the Prison Litigation

---

[1] Plaintiff was transferred to SCI Smithfield on February 11, 2013. See ECF Nos. 30, p. 1; 31.

Reform Act's filing, exhaustion, and three-strike requirements by expanding his Amended Complaint to add new parties and reach unrelated issues that are properly brought in a separate action. Id.

On March 20, 2013, Plaintiff filed a "Motion to Require Defendant's wife to release evidence to Plaintiff," in which he alleges that he has been unable to access the law library and has been denied access to a box of legal documents. ECF No. 37. Based on representations made by counsel for Defendants in response to the Motion, ECF No. 39, *i.e.*, that Plaintiff was not permitted to use the law library on February 24, 2013 and February 28, 2013, due to an activity restriction resulting from a misconduct received on February 22, 2013; that Plaintiff did not request to use the law library during the month of March; that on April 21, 2013, Plaintiff refused to use the law library; and that Plaintiff received a 30-day legal exchange on March 31, 2013, after the instant Motion was filed, this Court denied Plaintiff's Motion in an Order dated May 10, 2013. ECF No. 40.

Plaintiff has now filed a "Motion for Preliminary Injunction and Restraining Order," alleging that, since he has been at SCI Smithfield, his food is being tampered with; there is water on the floor of his cell; there is an ant infestation in his cell; he went on a hunger strike but when he started eating again, he was denied food; and that he is unable to use the law library. ECF No. 41. In response to the Motion, counsel for Defendants, as an officer of the Court, has represented that she contacted the Superintendent's Assistant at SCI Smithfield and that:

> 15. With regard to the ant infestation, Carl Raffensberger, acting Correctional Fire Safety Manager, inspected Plaintiff's cell, sprayed his cell with ant repellant and installed an ant trap. Mr. Raffensberger noted that Plaintiff's cell was filthy, with food all over Plaintiff's cell floor. According to a copy of a receipt dated April 26, 2013 from "AAA Enviro Pest Management" – a pest control company – all housing units, including Plaintiff's cell, and restrooms were sprayed with ant repellant.

16.     Based on information obtained by undersigned counsel, if there was a water problem in Plaintiff's cell, he did not bring it to anyone's attention.

17.     To the extent Plaintiff's food trays contain vegetables which he does not eat, because of his no tomato, no spice and no seafood diet; these are inadvertent errors and are in no way malicious acts on the part of the kitchen staff at SCI-Smithfield. Furthermore, when these mistakes occur, Plaintiff is promptly provided with a replacement meal that conforms to his dietary restrictions.

18.     Undersigned counsel has confirmed that Plaintiff's 9th missed meal, at which point an inmate's refusal to eat is documented, was on April 27, 2013. Plaintiff began eating on May 11, 2013 but continues to be watched by medical staff.

19.     While Plaintiff was on a hunger strike, he was housed in a Psychiatric Observation Cell, and due to his condition, the medical department did not permit him to leave his cell. However, on May 8th or 9th, the program review committee met with medical staff and gave Plaintiff permission to attend law library and yard. However, Plaintiff did not request to go to the law library prior to or following his hunger strike. According to the Superintendent's Assistant, Plaintiff was placed on the law library list on April 26, 2013, but he refused to go.

ECF No. 43.

This Court has discretion to grant preliminary injunctive relief under Fed. R. Civ. Proc. 65. The purpose of the preliminary injunction is to preserve the status quo until the rights of the parties can be fairly and fully investigated and determined by strictly legal proofs and according to the principles of equity. Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980). Thus, the grant of injunctive relief is an "extraordinary remedy which should be granted only in limited circumstances." American Telephone & Telegraph Co. v. Winback and Conserve Program, Inc., 42 F.3d 1421 (3d Cir. 1994), quoting Frank's GMC Truck Center, Inc. v. General Motor Corp., 847 F.2d 100, 102 (3d Cir. 1988).

The party seeking a preliminary injunction has the burden of demonstrating: 1) a reasonable probability of success on the merits; 2) irreparable harm if the injunction is denied; 3)

4

that the issuance of an injunction will not result in greater harm to the non-moving party; and 4) that the public interest would best be served by granting the injunction.  Council of Alternative Political Parties v. Hooks, 121 F.3d 876, 879 (3d Cir. 1997); Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 191–92 (3d Cir. 1990).  See Opticians Ass'n of America, 920 F.2d at 192 (an injunction should issue only if the movant produces evidence sufficient to convince the trial judge that all four factors favor preliminary relief).  As the United States Court of Appeals for the Third Circuit has found, these four factors suggest that "there must be a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."  Ball v. Famiglio, 396 Fed. App'x 836, 837 (3d Cir. 2010), *quoting* Little v. Jones, 607 F.3d 1245, 1251 (10th Cir. 2010).  See Adams v. Freedom Forge Corp., 204 F.3d 475, 489-90 (3d Cir. 2000) (affirming the denial of injunctive relief where the harm alleged was insufficiently related to the complaint).  Moreover, there is a "general rule that a court may not enter an injunction against a person who has not been made a party to the case before it." Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc., 96 F.3d 1390, 1394 (Fed. Cir. 1996), *citing* Scott v. Donald, 165 U.S. 107, 117 (1897) ("The decree is also objectionable because it enjoins persons not parties to the suit.").  See Williams v. Platt, 2006 WL 149024, at *2 (denying motion for an injunction noting that the movant had "not established a relationship between the preliminary injunction and the underlying civil rights claim, and he seeks to bind non-parties without any suggestion of active concert or participation by the named defendants").

Here, Plaintiff again has failed to satisfy his burden.   Not only have Plaintiff's complaints been addressed, thereby precluding a finding of success on the merits or that irreparable harm will result if an injunction is not denied, but it is clear that there is no relationship between the harm Plaintiff cites in his Motion and the issues raised in the Amended

Complaint. Indeed, the instant suit revolves around a misconduct that Plaintiff received while he was incarcerated at SCI Houtzdale. See ECF No. 22. Plaintiff's present assertions, however, concern his treatment and housing conditions at SCI Smithfield. Plaintiff's request for injunctive relief therefore appears to be an improper attempt to expand his Amended Complaint to add new parties and reach unrelated issues that are properly brought in a separate action. To find otherwise would permit Plaintiff to circumvent the Prison Litigation Reform Act's filing, exhaustion, and three-strike requirements by allowing him to assert an entirely new cause of action as a request for injunctive relief.

Accordingly, the following Order is entered:

AND NOW, this 30th day of May, 2013, upon consideration of Plaintiff's Motion for Preliminary Injunction and Restraining Order, ECF No. 41, IT IS HEREBY ORDERED that the Motion is DENIED.

BY THE COURT:


/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE


cc:    Hector Borrero
JB-2013
SCI Smithfield
P.O. Box 999
Huntingdon, PA 16652

All Counsel of Record via CM/ECF