IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HECTOR BORRERO,                         )
              Plaintiff,       ) Civil Action No. 12-113J
                                        )
  vs.                                   ) District Judge Kim R. Gibson
                                        ) Magistrate Judge Maureen P. Kelly
JEFF HORTON, Deputy Superintendent,     )
SCI Rockview; KENNETH R.                )
HOLLIBAUGH, Deputy Superintendent,      )
SCI Houtzdale; J.W. SAWTELLE, C.C.P.M.)
At SCI Houtzdale; ROBERT REED,          )
Hearing Examiner, SCI Houtzdale;        ) Re: ECF No. 26
              Defendants.      )

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

Plaintiff, Hector Borrero ("Plaintiff"), a former inmate, filed this civil rights action while he was in the custody of the Pennsylvania Department of Corrections ("DOC"). Plaintiff has brought claims against Defendants Jeff Horton ("Horton"), Kenneth Hollibaugh ("Hollibaugh"), J.W. Sawtelle ("Sawtelle"), and Robert Reed ("Reed") (collectively, "Defendants") concerning events that occurred in June of 2010 while Plaintiff was incarcerated at the State Correctional Institution at Houtzdale.[1]

Presently before the Court is a Motion to Dismiss ("the Motion") submitted on behalf of Defendants. ECF No. 26. For the reasons that follow, is respectfully recommended that the Motion be granted.

---

[1] Plaintiff apparently completed his sentence and was released from the DOC's custody on June 10, 2013. On that same date, however, Plaintiff incurred additional charges and was incarcerated at the Warren County Prison in Warren, Pennsylvania, until sometime last week. See ECF Nos. 47, 48. Plaintiff filed a Notice of Change of Address on July, 26, 2013, indicating that he is presently incarcerated at the Curran-Fromhold Correctional Facility in Philadelphia, Pennsylvania. ECF No. 53.

## II. REPORT

### A. FACTUAL AND BACKGROUND

According to the Amended Complaint, Plaintiff observed his cellmate in possession of an object resembling a weapon and notified the "proper authorities" on June 18, 2010. ECF No. 22, ¶¶ 37-37. Plaintiff was subsequently interviewed by Captain Brumbaugh ("Brumbaugh"), the acting security captain, at which time Plaintiff informed Brumbaugh what the "shank" looked like and where it could be found. Id. at ¶¶ 38, 39. Plaintiff was informed that a cell search would be performed and was returned to his cell. Id. at ¶ 40.

Plaintiff alleges that several hours later, a "search team" arrived and searched Plaintiff's cell. Id. at ¶ 42. Upon their arrival, the officers asked Plaintiff whether he knew why they were there, to which Plaintiff answered "yes." Id. While being searched, Plaintiff was also asked whether his cellmate was still in possession of the shank and Plaintiff again responded "yes." Id. at ¶ 43. The shank was then discovered in a hidden area of Plaintiff's cellmate's winter coat, which was apparently hanging in a common area of the cell. Id. at ¶¶ 44, 48. See ECF No. 4-1, p. 1. When Plaintiff and his cellmate were asked whether the shank belonged to either of them, they both responded "no." ECF No. 22, ¶¶ 45, 46. Plaintiff and his cellmate were then escorted to the Restrictive Housing Unit ("RHU"), and Plaintiff was issued a misconduct. Id. at ¶¶ 47, 50.[2]

Plaintiff was subsequently found guilty of possession of contraband by the hearing examiner, Defendant Reed, and sentenced to sixty days in the RHU. Id. at ¶¶ 20-24. See ECF No. 4-1, p. 3. Plaintiff appealed Reed's decision to the Program Review Committee ("PRC") which was comprised of Defendants Horton, Hollibaugh and Sawtelle. Noting that "regardless

---
[2] Although not relevant to the adjudication of the instant Motion, it is unclear from the record before the Court whether Plaintiff's cellmate was also issued a misconduct.

2

of whether [Plaintiff] informed the staff of the presence of the weapon, neither inmate involved in the incident claimed ownership of the weapon," the PRC upheld Reed's findings but reduced the sanction imposed on Plaintiff to thirty days in the RHU.  ECF No. 22, ¶¶ 25-26, ¶69.  See ECF No. 4-1, p. 4.

Plaintiff subsequently filed an appeal to the Superintendent who, on July 7, 2010, upheld the decision of the hearing examiner and the PRC, but amended Plaintiff's sanction to time served, effective immediately.  ECF No. 22, ¶¶ 27, 28.  See ECF No. 4-1, pp. 7, 8.  On July 19, 2010, Plaintiff appealed the Superintendent's decision to the Chief Hearing Examiner who remanded the misconduct to Defendant Reed for the specific purpose of hearing testimony from Captain Brumbaugh.  ECF No. 22, ¶¶ 30, 31.  See ECF No. 4-1, pp. 9-12.  Upon remand, however, rather than conduct a hearing, Reed simply dismissed the misconduct.  ECF No. 22, ¶ 35.  See ECF No. 4-1, p. 15.

Nevertheless, as a result of the misconduct, Plaintiff was confined to the RHU from June 18, 2010, until July 7, 2010, or for nineteen days.

Plaintiff commenced the instant action on June 6, 2012, by filing a Motion for Leave to Proceed In Forma Pauperis.  ECF No. 1.  The Complaint was filed on September 18, 2012, and on February 1, 2013, Plaintiff submitted an Amended Complaint.  ECF Nos. 4, 22.  Defendants filed the instant Motion on February 14, 2013, and on February 15, 2013, an Order was issued directing Plaintiff to file a response to the Motion on or before March 15, 2013.  ECF Nos. 26, 28.  Plaintiff subsequently requested, and was granted, an extension of time to file a response until May 3, 2013.  ECF No. 36; ECF 3/19/13 Text Order.  On June 26, 2013, Plaintiff filed a second, but untimely, Motion for Extension of Time to file a response.  ECF No. 49.  In an Order dated June 28, 2013, the Court granted Plaintiff's motion giving him until July 12, 2013, to file a

3

response. Plaintiff was also advised that no further extensions would be granted. ECF No. 50. Plaintiff appealed that Order to District Judge Kim R. Gibson, who granted Plaintiff's appeal in part, giving Plaintiff an additional ten days, or until July 22, 2013, to file his response to Defendants' Motion. ECF Nos. 51, 52. To date, no response has been filed and no request for an extension of time has been submitted. Because Plaintiff has failed to file a response, despite having had five months to do so, and because it is apparent from the Amended Complaint that Plaintiff has failed to state a claim, the undersigned has submitted this Report and Recommendation addressing Defendants' Motion without a response from Plaintiff.[3]

B. STANDARD OF REVIEW

In assessing the sufficiency of the complaint pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). The Court, however, need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint. See California Public Employees' Retirement System v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), *citing* Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id., *citing* Papasan v. Allain, 478 U.S. 265, 286 (1986). Indeed, the United States Supreme Court has held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state

---

[3] It should be noted here that to the extent Plaintiff has previously suggested that he has been unable to file a response to Defendants' Motion because he has been transferred to and from various facilities and has not had access to legal materials or a law library, the record shows that he nevertheless has managed to file five motions in the intervening months seeking various forms of relief, including a preliminary injunction and/or temporary restraining order, and default. See ECF Nos. 29, 32, 37, 41, 46.

a claim to relief that is plausible on its face," id. at 570, or where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). See Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels, conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice but, rather, the complaint "must allege facts suggestive of [the proscribed] conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim").

### C. DISCUSSION

Plaintiff has brought his claims pursuant to 42 U.S.C. § 1983 ("Section 1983"), which provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "Section 1983 provides remedies for deprivations of rights established in the Constitution or federal laws. It does not, by its own terms, create substantive rights." Kaucher v. Cnty. of Bucks, 455 F.3d 418, 423 (3d Cir. 2006), *citing* Baker v. McCollan, 443 U.S. 137, 145 n. 3 (1979) (footnote omitted). Thus, in order to state a claim for relief under Section 1983, the plaintiff must allege facts from which it could be inferred that "the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United States." Id. at 423.

Here, Plaintiff has arguably alleged that Defendants violated his rights provided by the Eighth, Fourteenth and First Amendments to the Constitution relative to the misconduct he was

5

issued on June 18, 2010. Defendants, however, contend that Plaintiff has failed to allege sufficient facts with respect to any of his claims to raise the right to relief under Section 1983 above the speculative level and, thus, that the Complaint is properly dismissed in its entirety. The Court agrees.

## 1. Eighth Amendment Claims

In order to establish an Eighth Amendment violation with respect to conditions of confinement, a prisoner must show that he has been deprived of "the minimal civilized measure of life's necessities," such as food, clothing, shelter, sanitation, medical care, or personal safety. Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citations omitted). See Hudson v. McMillian, 503 U.S. 1, 9 (1992), *quoting* Rhodes v. Chapman, 452 U.S. 337, 347 (1981), *and* Wilson v. Seiter, 501 U.S. 294, 298 (1991) ("[b]ecause routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society,' . . . 'only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation'"). The prisoner must also show that the prison official acted with a sufficiently culpable state of mind or deliberate indifference. Farmer v. Brennan, 511 U.S. at 834. See Griffin v. Vaughn, 112 F.3d 703, 709 (3d Cir. 1997).

In the instant case, Plaintiff alleges only that, as a result of Defendants' unfair actions, his conditions of confinement were changed for the worse. ECF No. 22, ¶ 107. Although Plaintiff was confined to the RHU for nineteen days, he has not alleged that he was denied food, clothing, sanitation or any other minimal civilized measure of life's necessities. As such, even if Plaintiff's confinement in the RHU was unjustified and/or unfair, he has failed to state an Eighth Amendment claim and that portion of the Amended Complaint is properly dismissed.

## 2. Fourteenth Amendment Claims

It is well established that "[p]risoners ... may not be deprived of life, liberty or property without due process of law," and that a prisoner facing the deprivation of a constitutionally cognizable liberty interest following an administrative hearing has a due process right to certain procedural protections. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Specifically, at a prison disciplinary hearing, due process requires that the inmate: (1) appear before an impartial decision-making body; (2) be given not less than 24 hours written notice of the charges against him; (3) be afforded the opportunity to call witnesses and present documentary evidence; (4) be permitted assistance from an inmate representative; and (5) receive a written decision explaining the decision-maker's conclusions. Id. at 563–71.

It is equally well established, however, that an inmate's due process rights are not triggered unless the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 483-84 (1995) (holding that not all sanctions resulting from prison disciplinary hearings affect protected liberty interests). See Burns v. PA Dep't of Corr., 642 F.3d 163, 170-71 (3d Cir. 2011). The United States Court of Appeals for the Third Circuit has specifically held that imposing a sanction of up to nine months in the RHU does not constitute an atypical and significant hardship under Sandin. Crosby v. Piazza, 465 F. App'x 168, 172 (3d Cir. 2012) (a total of 270 days in the RHU after being found guilty of both misconducts does not constitute an atypical and significant hardship under Sandin). See Smith v. Mensinger, 293 F.3d 641, 654 (3d Cir. 2002) (holding that seven months disciplinary confinement "does not, on its own, violate a protected liberty interest as defined in Sandin"); Griffin v. Vaughn, 112 F.3d at 706 (finding that fifteen months in segregation was not an atypical and significant hardship).

Plaintiff has alleged that as the result of Defendant Reed's failure to secure Brumbaugh's testimony at the misconduct hearing and Reed's subsequent erroneous finding of guilt, he was confined to the RHU from June 18, 2010, until July 7, 2010, or for nineteen days.  Clearly, under Third Circuit jurisprudence, Plaintiff's disciplinary confinement does not constitute an atypical and significant hardship in relation to the ordinary incidents of prison life.  As such, Plaintiff's liberty interests were not implicated and his right to due process at the misconduct hearing was not triggered in the first instance.  Defendants, therefore, cannot be found liable for violating Plaintiff's rights provided by the Fourteenth Amendment.

### 3. Retaliation Claim

It is undisputed that retaliation for the exercise of a constitutionally protected right may violate the protections of the First Amendment, which is actionable under Section 1983.  Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001); White v. Napoleon, 897 F.2d 103, 112 (3d Cir. 1990).  Merely alleging the fact of retaliation, however, is insufficient.  Rather, to prevail on a retaliation claim, a plaintiff must show that: (1) the he engaged in constitutionally protected conduct; (2) that he was subjected to an adverse action; and (3) the protected activity was a substantial motivating factor in the decision to take the adverse action.  Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003).  See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977).  If the plaintiff can establish these three elements, "the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Rauser v. Horn, 241 F.3d at 334.  Because retaliation claims can be easily fabricated, district courts must view prisoners' retaliation claims with sufficient skepticism to avoid becoming entangled in every disciplinary action taken

against a prisoner. See Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996); Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995); Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995).

Here, although Plaintiff purports to "[r]aise the [c]laim of [r]etaliation [a]gainst all Defendants," the only specific allegation in the Amended Complaint relative to retaliation is that Defendant Reed retaliated against him "for complaining about the false misconduct charges. By suppressing evidence of plaintiff's innocence." ECF No. 22, ¶¶ 111. As argued by Defendants, however, Reed's finding that Plaintiff was guilty of the misconduct necessarily occurred before Plaintiff could have complained about that finding. Accordingly, Reed's finding of guilt could not have been in response to, or in retaliation for, Plaintiff's subsequent complaints. Plaintiff therefore is unable to show that there is a causal connection between his complaints regarding the misconduct and any adverse action taken by Reed or any other Defendant. As such, Plaintiff's retaliation claims are properly dismissed.

### 4. State Law Claim for False Imprisonment

Having found that Plaintiff is unable to sustain any of his claims brought pursuant to Section 1983, it appears that only a state law claims false imprisonment remains. Where all claims over which the Court has original jurisdiction have been dismissed, however, the district court may decline to exercise supplemental jurisdiction over the remaining claims. 28 U.S.C. § 1367(c)(3). Although declining to exercise jurisdiction is within the discretion of the district court, the United States Court of Appeals for the Third Circuit has held that, absent extraordinary circumstances, "pendent jurisdiction should be declined where the federal claims are no longer viable." Shaffer v. Albert Gallatin Area School District, 730 F.2d 910, 912 (3d Cir. 1984) (citations omitted). See Annulli v. Panikkar, 200 F.3d 189, 202 (3d Cir. 1999).

Because there does not appear to be any extraordinary circumstances surrounding this case that would warrant the exercise of supplemental jurisdiction over Plaintiff's state law claim, the Court should decline to do so. Accordingly, the undersigned has not addressed the issue here.

D.  **CONCLUSION**

For the foregoing reasons, is respectfully recommended that the Motion to Dismiss submitted on behalf of Defendants, ECF No. 26, be granted.[4]

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

                                                       Respectfully submitted,

                                                       /s/ Maureen P. Kelly
                                                       MAUREEN P. KELLY
                                                       UNITED STATES MAGISTRATE JUDGE

Dated: July 31, 2013

---

[4] Although the United States Court of Appeals for the Third Circuit has held that when dismissing a civil rights case for failure to state a claim, a court must give the plaintiff an opportunity to amend the complaint whether or not the plaintiff has asked to do so, the Court is not required to allow an amended complaint to be filed where it would be inequitable or futile. See Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007), *citing* Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Here, Plaintiff has not only amended his complaint once but it appears clear from the above discussion that allowing Plaintiff to file another amended complaint would be futile. The Court, therefore, should decline to do so.

cc: The Honorable Kim R. Gibson
United States District Judge

Hector Borrero
97-62-16
Curran-Fromhold Correctional Facility
PO Box 6230
Philadelphia, PA 19136

All counsel of record by Notice of Electronic Filing

11